**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL HALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 17-1149-JWL** |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error as alleged by Plaintiff in the Commissioner's final decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I.      Background**

Plaintiff seeks judicial review of a decision of the Commissioner made after remand by another court of this district. (Doc. 1). Plaintiff argues that the Administrative Law Judge (ALJ) erred in evaluating his mental impairments in the

decision on remand.  He argues that the ALJ failed to include all of his mental limitations in the residual functional capacity (RFC) assessed.  Plaintiff argues that the ALJ erred in finding that Plaintiff's mental impairments are not severe within the meaning of the Act, and that he committed reversible error when he failed to include social limitations in the RFC assessed.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the

[Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's decision.

## II.  Discussion

Plaintiff claims the ALJ erred because he found Plaintiff's mental impairments are not severe at step two of the sequential evaluation process. He claims the error requires remand because the ALJ erroneously relied on "stale" medical opinions and discounted those opinions which were consistent with Plaintiff's subsequent deteriorated condition, and consequently did not include in the RFC he assessed social limitations which were required by the record evidence.

The Commissioner responds that the evidence supports the ALJ's step two finding that Plaintiff's mental impairments are not severe. She argues that the ALJ properly considered Plaintiff's non-severe mental impairments at the later steps of the sequential evaluation and determined that Plaintiff was mentally capable of performing only jobs that require understanding, remembering, and carrying out simple instructions. She argues that the ALJ's evaluation of the medical opinions was proper and reasonable and that the ALJ did not erroneously rely on "stale" medical opinions "because nothing in the

4

subsequent medical records supports the disabling limitations that [Plaintiff] alleges, or supports some type of worsening of his condition that could render the opinions stale." (Comm'r Br. 9).

The court agrees with the Commissioner. The evidence supports the ALJ's finding that Plaintiff's mental impairments are not "severe." In his discussion at step two of the sequential evaluation process, the ALJ summarized and considered Plaintiff's mental health treatment and explained why he determined Plaintiff's mental impairments are not severe. (R. 525-28). Plaintiff is correct when he points out that "the ALJ agreed that [Mr.] Hall's condition imposed a moderate limitation with regard to concentration, persistence, or pace." (Pl. Br. 12) (citing R. 527). However, he ignores the ALJ's explanation that "the moderate difficulties in this area were not caused by his non-severe affective and anxiety disorders. Rather, they result from the claimant's fibromyalgia and chronic fatigue syndrome." Plaintiff does not explain why limitations in concentration, persistence, or pace resulting from physical impairments would require a finding that a claimant's mental impairments are severe.

Moreover, as Plaintiff admits any error in finding impairments non-severe at step two is harmless so long as the ALJ, in determining the claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Hill v. Astrue, 289 F. App'x. 289, 291-92, (10th Cir. 2008); see also, Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). Therefore, the controlling question here is whether Plaintiff has additional social limitations which should have been included in the RFC assessed.

5

As the Commissioner points out, the ALJ explained the weight accorded to the medical opinions regarding Plaintiff's mental impairments, and his bases for according greater weight to some of the opinions than to others. (R. 525-27, 533-34). He summarized his findings as follows:

> I have considered these psychological opinions and find the more recent opinions of severe mental impairment and limitation of social functioning to be inconsistent with the medical evidence, generally. That evidence is summarized in the discussion of the claimant's mental health treatment above. Furthermore, the two psychological consultative evaluation reports do not support the significant limits in social function purported by the State agency. Thus, the psychological opinions in Exhibits 20A, 21A, 24A, and 25A are given little weight. Those in Exhibits 8A, 9A, 12A, and 13A are more consistent with the medical evidence, generally, which supports a finding that the claimant does not have a severe mental impairment or resultant limitations.

(R. 533).

As Plaintiff points out, reliance on patently stale opinions can be troubling. (Pl. Br. 15) (citing Chapo v. Astrue, 682 F.3d 1285, 1293 (10th Cir. 2012)). However, he acknowledges that older opinions are not "stale" and may still be relied upon where there is no evidence that the degree, frequency, or seriousness of a claimant's medical condition has changed materially since the opinions were rendered. Id. (citing Lee v. Colvin, No. 12-2259-SAC, 2013 WL 4549211, at *3 (D. Kan. Aug. 28, 2013)). Where examinations and hospital records show a clear deterioration in the claimant's condition after the opinions are rendered, however, it is improper to rely on such "stale" opinions. Id. (citing Price v. Colvin, No. 13-1052-SAC, 2014 WL 943101, at *7 (D. Kan. Mar. 11, 2014)).

Plaintiff argues that the holding of Price controls here because evidence since the earlier opinions were rendered "has shown increased problems with irritability and anxiety." (Pl. Br. 15). He cites the record evidence which in his opinion demonstrates this alleged deterioration in his condition: "a history of verbal aggression, and fights with authority figures," and observations of "an intense affect or irritable mood." Id. at 15-16 (citing R. 349, 351, 1040, 1043, 1047, 1080, 1099, 1135). In pointing to a history of verbal aggression and fights, Plaintiff acknowledges that these conditions are of long-standing duration and do not show a recent deterioration in his condition. Other than the medical sources upon which he asserts the ALJ should have relied, Plaintiff does not point to psychological authority that such conditions as aggression, an intense affect, or an irritable mood require social limitations greater than assessed by the ALJ. Finally, the court notes that the ALJ found that the credibility factors he had considered make Plaintiff's "subjective reports to health care providers … less persuasive." And Plaintiff does not allege error in this credibility finding.

As is usual for a Social Security disability case, the record is equivocal and Plaintiff points to record evidence from which the ALJ could have assessed greater limitations than he did, but he has not shown that greater limitations are compelled by the record evidence.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated April 5, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**